# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

———

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

September 24, 2018

**BY ECF**

Hon. Henry B. Pitman, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   ***Orzuna v. Zoccola LLC, et al.***
***Case No. 18-CV-6677 (HBP)***

Dear Judge Pitman,

      We are counsel to the plaintiff in the above-referenced matter, and jointly submit this letter together with the defendants for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties. The Agreement is being submitted contemporaneously with this letter, and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of this matter, negotiated at arm's length between experienced counsel.

## I.   *The Need for the Court's Approval of the Agreement*

      As plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See also D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *see also Sampaio v. Boulder Rock Creek Developers, Inc.,* No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

Hon. Henry B. Pitman, U.S.M.J.
September 24, 2018
Page 2

## II.      *Plaintiff's Claims for Unpaid Wages*

Plaintiff asserts causes of action for, *inter alia*, unpaid overtime compensation pursuant to the FLSA and New York Labor Law.  Plaintiff alleges that he was hired in or about September 2013 to work as a food preparer and cook for the defendants' restaurant. Plaintiff worked continuously for the defendants until on or about May 3, 2016.

Plaintiff alleges the following with respect to his hours and pay:

### (a) *Hours Worked*

- September 2013 – March 2014: seventy-eight (78) hours per week
- April 2013 – May 3, 2016: sixty-five (65) hours per week.

### (b) *Pay*

- September 2013 – January 2014: $13 per hour for all hours worked
- February 2014 – December 2014: $13.50 per hour for all hours worked
- January 2015 – May 3, 2016: $14 per hour for all hours worked

Based on those allegations, plaintiff calculated that he is owed approximately $32,000 in underlying unpaid wages, with an equal amount in liquidated damages, as well as $10,000 in statutory damages for defendants' alleged failure to provide wage notices and weekly wage statements.

As reflected in the attached Agreement, the parties have agreed to settle the case for a total of $48,500 to resolve all of plaintiff's wage and hour claims against the defendants, payable in two (2) equal payments on October 15, 2018 and November 15, 2018.[1]  We believe this settlement to be a fair resolution to this litigation, due to *bona fide* disputes about plaintiff's claims.

## III.      *The Agreement is Fair and Reasonable*

An FLSA settlement should receive judicial approval where it is "fair and reasonable."  *See Wolinsky v. Scholastic, Inc.,* 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (quoting *Lynn's Food Stores, supra,* 679 F.2d at 1354)); *see also In re Penthouse Executive Club Compensation Litig.,* No. 10 Civ. 1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

---

[1] The Agreement provides for first payment within ten (10) days after Court approval and dismissal of the action if approval is rendered after October 15, 2018 with the second payment coming thirty (30) thereafter.

Hon. Henry B. Pitman, U.S.M.J.
September 24, 2018
Page 3

Here, it is undisputed that this settlement did not result because of "overreaching" by the employer. To the contrary, the settlement was reached as a result of extensive arm's length negotiations between counsel who are well versed in the prosecution and defense of wage and hour actions. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Apr. 13, 2013).

In light of various disputes concerning plaintiff's claims this settlement should be approved. First, the defendants contend that plaintiff is exaggerating his work hours. According to the defendants, the restaurant is only open seventy-five (75) hours per week. Defendants maintain that plaintiff only worked sixty (60) hours per week, and also received a one (1) hour break each day, thereby working only approximately fifty-four (54) hours per week. Plaintiff acknowledges receiving a thirty (30) minute break each day, but denies that it was a full hour. If a jury were to believe the defendants' version of the facts, it would have reduced plaintiff's recovery by more than $10,000.

Defendants also maintain that plaintiff received two (2) free meals per day, and that the meal credit in the amount of $2.50 (2013), $2.75 (2014), $3.00 (2015), $3.10 (2016) or $3.80 (2017) per meal per day should be deducted from plaintiff's damages calculation. Plaintiff acknowledges receiving one (1) free meal per day.

Defendants also contend that plaintiff is not entitled to liquidated damages because of their good-faith belief that they were paying plaintiff proper overtime wages. According to the defendants, they relied upon incorrect information supplied to them by their former accountant (who has been indicted on charges of fraud in an unrelated matter) who advised the defendants that they were paying plaintiff in accordance with the labor laws. Meanwhile, it is plaintiff's position that liquidated damages under the FLSA are mandatory once it established that unpaid wages are owed. The good-faith defense would only apply to whether liquidated damages are afforded under the state Labor Law, but that the issue becomes moot because the FLSA covers the same time period.

By settling now, plaintiff receives all of his calculated unpaid wages even after attorneys' fees are accounted for, while enabling the parties to avoid the risks inherent in any trial.

## IV.    *Application for Attorneys' Fees*

Pursuant to this firm's retainer agreement with plaintiff, our firm seeks to retain one-third of the net proceeds of the settlement after our initial $500 in costs (filing fee and service) is deducted. Therefore, plaintiff's counsel seeks $16,000 in fees, plus $500 in costs for a total of $16,500. Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). In this case, plaintiff's counsel fee of one-third is reasonable. Of

Hon. Henry B. Pitman, U.S.M.J.
September 24, 2018
Page 4

course, had the case proceeded, assuming plaintiff prevailed, plaintiff's counsel would have made a fee application for much more than the amount currently sought in fees.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees over in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts, including this Court, have recognized the "percentage of the fund" method as an appropriate means by which to compensation plaintiff's attorneys in FLSA settlements. *See Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861 (HBP), 2017 U.S. Dist. LEXIS 65088 (S.D.N.Y. Apr. 28, 2017) (approving a percentage fee one-third of settlement amount in FLSA settlement as "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Romero v. ABCZ Corp.*, 14 Civ. 3653 (HBP), 2017 U.S. Dist. LEXIS 90137 (S.D.N.Y. June 12, 2017) (same); *Aquino v. Fort Washington Auto Body Corp.*, No. 16 Civ. 390 (HBP), 2017 U.S. Dist. LEXIS 78344 (S.D.N.Y. May 23, 2017) (same); *Velasquez v. Little Mex. Wholesale, Inc.*, No. 15 Civ. 5818 (HBP), 2016 U.S. Dist. LEXIS 157210 (S.D.N.Y. Nov. 14, 2016) (same); *Garcia v. YSH Green Corp.*, No. 16 Civ. 532 (HBP), 2016 U.S. Dist. LEXIS 158001 (S.D.N.Y. Nov. 14, 2016) (same); *Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one-third of gross settlement).

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Justin Cilenti

cc: Christopher Lynn, Esq. (by ECF)