USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JACINTO ORZUNA,                              :

                Plaintiff,           :    18 Civ. 6677 (HBP)

  -against-                                 :    OPINION
                                                          AND ORDER

ZOCCOLA LLC d/b/a "Tavola",                  :
NICHOLAS ACCARDI and
GIANCARLO DELLANZO,                          :

                Defendants.         :

----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Letter of Justin Cilenti, Esq., to the undersigned, dated Sept. 24, 2018 (Docket Item ("D.I.") 10) ("Cilenti Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff alleges that he was employed as a kitchen worker and cook at defendants' restaurant from approximately September 2013 through approximately May 3, 2016 (Complaint, dated July 25, 2018 (D.I. 1) ("Compl.") ¶¶ 20, 22). Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), claiming that defendants failed to pay him overtime premium pay and spread-of-hours pay and failed to provide him with wage

notices and wage statements (Compl. ¶¶ 23-34). According to plaintiff, defendants owe him approximately $32,000 in unpaid wages, $32,000 in liquidated damages and $10,000 in statutory damages for wage notice and wage statement violations (Cilenti Letter at 2).

Defendants deny plaintiff's claims and maintain that plaintiff worked fewer hours than he claimed and received two free meals per day (Cilenti Letter at 3). Defendants also contend that plaintiff is not entitled to liquidated damages because they believed, in good faith, that they were paying plaintiff proper overtime wages (Cilenti Letter at 3).

The parties agreed to the material terms of a settlement and submitted their proposed settlement agreement for judicial approval on September 24, 2018 (Settlement Agreement and Release of Wage and Hour Claims, annexed to Cilenti Letter (D.I. 10-1) ("Settlement Agreement")). Because I did not preside over a settlement conference in this case, my knowledge of the underlying facts and the justification for the settlement is limited to plaintiff's counsel's representations in the letter submitted in support of the settlement.

The Settlement Agreement provides that defendants will pay a total amount of $48,500 -- $32,000 to be paid to plaintiff and $16,500 to be paid to plaintiff's counsel for fees and costs

-- in two equal payments of $24,250, the second payment to be made within 30 days of the first (Settlement Agreement ¶ A.1.).

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litiga-

3

> tion risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiff's net settlement -- $32,000 after the deduction of attorneys' fees and costs -- represents more than 43% of his total alleged damages and 100% of plaintiff's claimed unpaid wages. This percentage is clearly reasonable. See Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 18, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); Chowdhury v. Brioni America, Inc., 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); Felix v. Breakroom Burgers & Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. Because the action settled prior to the start of formal discovery, the parties will be able to

4

avoid the protracted burden and expense of exchanging document requests and taking depositions.

Third, the settlement will enable the parties to avoid the risk of litigation. As counsel notes, plaintiff will receive all of his alleged unpaid wages, $32,000, even after attorney's fees and costs (Cilenti Letter at 3). Plaintiff claims he is entitled to an additional $32,000 in liquidated damages (Cilenti Letter at 2). Defendants deny plaintiff's claim for liquidated damages because they believe, in good faith, that they paid plaintiff proper overtime wages (Cilenti Letter at 3). Given this legal and factual dispute, the settlement will permit both parties to avoid the risk associated with its resolution through further litigation.

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel. There is no evidence to the contrary.

Fifth, there are no factors here that suggest the existence of fraud. Counsel represents that the settlement was agreed upon after extensive negotiations between the parties' attorneys.

Plaintiff also agrees to a release of defendants limited to wage-and-hour claims (Settlement Agreement ¶ C). I find this release permissible because it is narrowly tailored to

wage-and-hour issues.  See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "limited to claims arising under the FLSA" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

Finally, the settlement provides that $500 will be paid to plaintiff's counsel for out-of-pocket costs and $16,000 will be paid to plaintiff's counsel as a contingency fee (Cilenti Letter at 3).  Plaintiff's counsel's request for $500 in filing fees and service of process is reasonable, and I approve it.  See Nat'l Integrated Grp. Pension Plan v. Dunhill Food Equip. Corp., 11 CV 3652 (MKB), 2014 WL 887222 at *10 (E.D.N.Y. Jan. 6, 2014) (Report & Recommendation), adopted at, 2014 WL 883893 (E.D.N.Y. Mar. 6, 2014) ("Filing fees and service of process are specifically included in the statute, and therefore plaintiffs here may recover them."), citing 28 U.S.C. § 1920.

I also find plaintiff's counsel's request for $16,000 -- one-third of the total settlement after the deduction of approved costs -- to be a reasonable and appropriate contingency fee. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"). Thus, plaintiff's counsel is awarded $16,000 as a contingency fee and $500 in out-of-pocket costs, for a total of $16,500.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the

action is dismissed with prejudice and without costs.  The Clerk is respectfully requested to mark this matter closed.

Dated: New York, New York
March 22, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8